## MILEWSKI *v.* MANCUSO.

1. SALES—FAILURE OF CONSIDERATION—VERDICT—EVIDENCE.
   Verdict for plaintiff in action for value of topsoil purchased, but not received, by him from defendants and for which payment had been made *held,* supported by evidence.

2. APPEAL AND ERROR—VERDICTS—EVIDENCE—GREAT WEIGHT OF EVIDENCE.
   A jury's verdict that is supported by the evidence will not be reversed on the claim that it is against the great weight of the evidence.

Appeal from Oakland; Bach (Arthur M.), J., presiding. Submitted February 4, 1964. (Calendar No. 22, Docket No. 49,746.) Decided January 5, 1965.

Action by Henry Milewski, doing business as Northwestern Sand & Excavating Company, against Sebastian J. Mancuso and Alice Mancuso, his wife, to recover value of topsoil which had been sold to, but not received by, plaintiff. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Thomas A. Howard,* for plaintiff.

*Bartholomew & Colombo (Frederick D. Bartholomew,* of counsel), for defendants.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  5 Am Jur 2d, Appeal and Error § 833 *et seq.*

Kavanagh, C. J. Plaintiff sued to recover for the value of topsoil, which he allegedly had purchased and never received, in the sum of approximately $1,700.

Plaintiff and defendants entered into an agreement in August of 1956 under which the plaintiff purchased three piles of topsoil totaling approximately 5,000 bank yards at a price of $2,500. Plaintiff paid defendants the full price. Plaintiff testified he removed about one-third of the topsoil and later in 1956 returned for more, only to find that the remainder was not available to him, because it had been spread out over the land.

Defendants' answer admitted that the contract gave plaintiff two years to remove the topsoil. Defendants denied that they otherwise sold or removed the topsoil, but claimed that if it was removed, it was without their knowledge and that they, therefore, were not liable to plaintiff.

The pretrial statement indicated that plaintiff's theory, under which the case was tried, was that under the terms of the contract, title to the topsoil never passed to him and that defendants, therefore, had a duty to exercise reasonable care to protect the topsoil for plaintiff.

The case was submitted to a jury, which rendered a verdict in favor of plaintiff in the amount of $1,700.

The four stated questions are so poorly phrased that it is virtually impossible to determine defendants' contentions. However, two contentions are presented: (1) there was no evidence to show that they were negligent in caring for the topsoil for plaintiff, and (2) the jury's verdict was against the great weight of the evidence. It must be observed that the appendix of defendants-appellants does not comply with our rules in that it fails to inform this Court accurately of the facts in the case.

An examination of the record, however, discloses the plaintiff testified he purchased under the contract 5,000 bank yards of topsoil, removed approximately 1,500 yards, and, on returning to the property, found the topsoil gone, with the exception of a negligible amount, which plaintiff did not remove because it was financially impracticable to do so. Defendants admit they later sold the remaining topsoil for $200.

Defendants argue in their brief that the topsoil was admittedly disposed of by one of plaintiff's own witnesses, Earl Harrington. What they fail to disclose, however, is that Harrington, while the plaintiff's witness, was an employee of Munn Contracting Company, a refill contractor, which company was employed by defendants to level and refill the property. In doing so, Harrington testified, he spread the remaining topsoil on defendants' property.

The jury, apparently believing that plaintiff had received only one-third of the topsoil purchased and was prevented by defendants' actions from obtaining the other two-thirds provided for in the contract, rendered a verdict for plaintiff and against defendants for $1,700. Such a jury finding could properly be made from the evidence described above. "Under such circumstances, we do not reverse on the claim that the jury's verdict was against the great weight of the evidence." *Barefield* v. *LaSalle Coca-Cola Bottling Co.*, 370 Mich 1, 6.

The verdict and judgment of the lower court are affirmed. Plaintiff shall have costs.

DETHMERS, KELLY, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.